UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMMAD DALAF LOUAYME,<br><br>Plaintiff,<br><br>v.<br><br>ALEJANDRO MAYORKAS, et al.,<br><br>Defendants. | No. 2:23-cv-01009-TLN-CKD PS<br><br><u>ORDER</u> AND<br><br><u>FINDINGS AND RECOMMENDATIONS</u> |

Plaintiff proceeds without counsel and seeks relief under 8 U.S.C. § 1447(b), asking the court to assume jurisdiction over this matter and grant petitioner's application for naturalization. (ECF No. 1.) Pursuant to Local Rule 302(c)(21), this matter is before the undersigned for these findings and recommendations to the assigned district judge. <u>See</u> 28 U.S.C. § 636(b)(1).

Defendants' motion to remand to the United States Citizenship and Immigration Services ("USCIS") for adjudication is before the court. (ECF No. 7.) This matter is appropriate for decision without oral argument. <u>See</u> Local Rule 302(g). For the reasons set forth below, the undersigned vacates the hearing noticed for September 13, 2023, and recommends the motion to remand be granted with instructions that adjudication be completed within 30 days.

**I. Background**

Plaintiff Mohammad Dalaf Louayme commenced this action on May 30, 2023, by filing a petition for de novo naturalization hearing ("petition") and paying the required filing fee. (ECF

No. 1.) According to the petition, petitioner reapplied for naturalization on January 20, 2022, after denial of a previous application. (Id. at ¶ 22.) An interview initially scheduled for September 9, 2022, was cancelled. (Id.) Petitioner appeared for the rescheduled hearing on January 24, 2023. (Id. at ¶ 23.) Since then, no decision has issued. (Id. at ¶ 3.)

On July 31, 2023, defendants filed a motion to remand under 8 U.S.C. § 1447(b). (ECF No. 7.) The motion is fully briefed with plaintiff's opposition and defendants' reply. (ECF Nos. 11, 12.)

**II. Applicable Law and Findings**

When an applicant submits an application for naturalization and the USCIS fails to make a determination on that application "before the end of the 120–day period after the date on which the examination is conducted under [8 U.S.C. § 1446], the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter." 8 U.S.C. § 1447(b). The district court then "has [exclusive] jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the [USCIS] to determine the matter." Id.; U.S. v. Hovsepian, 359 F.3d 1144, 1164 (9th Cir. 2004).

Generally, a district court should "remand a case to an agency for decision of a matter that statutes place primarily in agency hands." I.N.S. v. Orlando Ventura, 537 U.S. 12, 16 (2002). "Judicial deference to the Executive Branch is especially appropriate in the immigration context." I.N.S. v. Aguirre-Aguirre, 526 U.S. 415, 425 (1999); see also Orlando Ventura, 537 U.S. at 17 ("The agency can bring its expertise to bear upon the matter; it can evaluate the evidence; it can make an initial determination; and, in doing so, it can, through informed discussion and analysis, help a court later determine whether its decision exceeds the leeway that the law provides.")

"Courts that have declined to remand to USCIS consider the length of delay." Yith v. Nielsen, 343 F. Supp. 3d 938, 949 (E.D. Cal. 2018). However, "[t]he vast majority of district courts remand lawsuits filed under § 1447(b) for USCIS to decide in the first instance whether to grant or deny an application for naturalization." Gill v. Crawford, No. 1:15-cv-1633 MCE MJS, 2016 WL 880952, at *1 (E.D. Cal. Mar. 8, 2016).

////

Plaintiff opposes remand based, in part, on the delay caused by USCIS. (ECF No. 11 at ¶¶ 6-12.) Plaintiff alleges his previous denial letter had a "misleading instruction" that prevented him from filing a petition for review. (Id. at ¶ 8.) Plaintiff alleges the letter for the previous denial did not instruct him that he became "ineligible to apply for Naturalization for five years starting from the [previous] interview date." (Id. at ¶ 6.)  Plaintiff argues that if the court remands the case to the agency, "the case will be denied." (Id. at ¶ 12; see also ECF No. 11-1 at p. 3 ["In the last interview with the USCIS, the officer clearly emphasized that since my application was denied previously, it would be denied again."].)[1]

While the undersigned shares plaintiff's concern about reaching a timely resolution, all parties and the court will benefit from USCIS "bring[ing] its expertise to bear upon the matter." Orlando Ventura, 537 U.S. at 17. Here, the delay has not been excessive, and defendant promptly sought remand upon commencement of this case. In addition, defendant is prepared to promptly complete its adjudication of plaintiff's application within 30 days after a remand. (ECF No. 12 at 2.) Requiring action within 30 days will assist to prevent further delay. See Rashid v. Department of Homeland Security, No. 2:14-cv-2109 JAM KJN, 2017 WL 1398847, at *2 (E.D. Cal. Apr. 19, 2017) ("Although Plaintiff's application had been pending for nearly two years when Plaintiff filed his complaint, remand is the appropriate course of action in this case."). "[L]ike the majority of courts that have remanded naturalization applications to USCIS," the undersigned finds "the executive branch is in a better position" than this court to decide plaintiff's naturalization application. Singh v. Crawford, No. 1:13-cv-1894 SKO, 2014 WL 1116989, at *3 (E.D. Cal. Mar. 19, 2014). If, upon remand, the application for naturalization is denied, plaintiff may return to this court to seek de novo review of the decision. See 8 U.S.C. § 1421(c).

////

////

////

---

[1] Defendant responds with a declaration by the officer, who states "it is my practice to avoid making any definitive statements to an applicant regarding whether a pending application will ultimately be approved or denied." (ECF No. 12-1 at 1.)

### III. Order and Recommendations

In accordance with the above, IT IS HEREBY ORDERED that the hearing on this matter noticed for September 13, 2023, is VACATED.

In addition, IT IS HEREBY RECOMMENDED as follows:

1. Defendants' motion to remand (ECF No. 7) be GRANTED;
2. This matter be remanded to USCIS with instructions to reopen and complete adjudication within 30 days from the date of an order adopting these recommendations;
3. The parties be ordered to file a joint status report or individual status reports within 10 days of completion of adjudication by USCIS;
4. All filing deadlines be suspended and this case be stayed pending an order from the court to reopen or dismiss this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within seven (7) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  August 24, 2023

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8
Louayme23cv1009.fr